## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FELIX ALBERTO CASTRO-DAVIS,**
*Petitioner,*

v.

**UNITED STATES OF AMERICA,**
*Respondent.*

**Civ. Case No. 17-1842**
(Related Crim. Case 07-186 (JAF))

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND MOTION TO STAY PENDING AUTHORIZATION FROM CIRCUIT

To THE HONORABLE COURT:

Petitioner **Felix Alberto Castro-Davis** ("Petitioner"), by and through the undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner files this motion protectively in order to ensure compliance with the statute of limitations, as extended by the by the United States. *See In re: Standing Order as to Section 2255 Motions Pursuant to Johnson*, Misc. 16-196 (ADC) (D.P.R. May 2, 2016); *cf. Turner v. United States*, 699 F.3d 578, 587 n.9 (1st Cir. 2012) ("Statutes of limitations in the habeas context are affirmative defenses.") (Citation omitted)

Petitioner filed an application in the First Circuit Court of Appeals for leave to file a second or successive motion to vacate his sentence. *See* **Castro-Davis v. United States, No. 16-1808**. The First Circuit has not yet ruled on his application. He therefore asks this Court to STAY these proceedings pending a ruling from the First Circuit.

In *Johnson*, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. In *Welch v. United States*, 136 S.

Ct. 1257 (2016), the Court held that the rule announced in *Johnson* is substantive and therefore retroactive to cases on collateral review.

Petitioner was convicted of violating Section 924(c), which requires proof that he acted in furtherance of a "crime of violence," as defined by Section 924(c)(3). Section 924(c)'s materially indistinguishable residual clause must fail under *Johnson* for the same reasons the ACCA's clause failed.

After *Johnson*, Petitioner's companion federal offense no longer qualifies as a crime of violence under Section 924(c). For this reason, Petitioner seeks to vacate his Section 924(c) conviction and sentence.

I HEREBY CERTIFY that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22nd day of June, 2017

**ERIC ALEXANDER VOS**
Federal Public Defender
District of Puerto Rico

**S/Franco L. Pérez-Redondo**
Franco L. Pérez-Redondo
Research & Writing Specialist
Government No. G02414
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
Tel. (787) 281-4922
E-mail: Franco_Perez@fd.org